IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUMP ROPE, INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No._____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| SMART OPTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Jump Rope, Inc. ("Jump Rope"), for its Complaint for Declaratory Judgment against Defendant Smart Options, LLC ("Smart Options"), avers the following:

### NATURE OF THE ACTION

1. This action is based on the patent laws of the United States, Title 35 of the United States Code. Smart Options is the purported assignee of U.S. Patent No. 7,865,424 (the "'424 Patent"), entitled "Method and system for reserving future purchases of goods and services"; U.S. Patent No. 7,996,292 (the "'292 Patent"), entitled "Method and system for reserving future purchases of goods and services"; U.S. Patent No. 7,962,375 (the "'375 Patent"), entitled "Method and system for reserving future purchases of goods and services"; U.S. Patent No. 8,032,447 (the "'447 Patent"), entitled "Method and system for reserving future purchases of goods and services"; U.S. Patent No. 8,301,550 (the "'550 Patent"), entitled "Method and system for reserving future purchases of goods or services"; and U.S. Patent No. 8,229,841 (the "841 Patent"), entitled "Method and system for reserving future purchases of goods or services" (collectively, "the Smart Options Patents").

1

2. Smart Options has expressly and implicitly informed Jump Rope that Smart Options plans to assert its rights under the Smart Options Patents by filing a patent-infringement lawsuit against Jump Rope based on Jump Rope's ongoing and/or planned activities. Smart Options has already filed other lawsuits in this Court against Jump Rope, and another entity Steadyfare, Inc., for alleged patent infringement. *See Smart Options, LLC v. Jump Rope, Inc.,* Case No. 1-12-cv-02498 and *Smart Options, LLC v. Steadyfare, Inc.,* Case No. 1-12-cv-08042. In those suits, Smart Options alleged that each of the respective entities infringed U.S. Patent No. 7,313,539 (the "'539 Patent"), to which the Smart Options Patents all claim priority.

3. During mediation of the *Smart Options, LLC v. Jump Rope, Inc.* case, Smart Options' lawyer, Geoff Baker, waived confidentiality and threatened Jump Rope's founder and CEO, Peter Braxton, by stating that Smart Options had already prepared a brief intended for use in a new patent infringement case against Jump Rope. Baker went so far as to say "Try selling your company with that threat hanging over your head." Such statements, threats and otherwise improper conduct are a clear abuse of the judicial process.

4. Jump Rope does not infringe and has not infringed the Smart Options Patents, and therefore has a right to engage in the complained-of activity. As a result of Smart Options' actions, it cannot be denied that Jump Rope risks a suit for infringement by engaging in the complained-of activity, and therefore seeks a declaration of its legal rights. Moreover, the Smart Options Patents are invalid. Jump Rope brings this action to obtain declaratory judgments of non-infringement and invalidity of the Smart Options Patents.

## THE PARTIES

5. Plaintiff Jump Rope is a Delaware corporation. Plaintiff has a principal place of business located at 35 East Wacker Drive, Suite 966, Chicago, Illinois 60601. Jump Rope operates an interactive website at www.jumpropetheapp.com.

6. Defendant Smart Options is a limited liability company organized under the laws of Delaware. Defendant has a principal place of business located at 161 North Clark Street, Suite 4700, Chicago, Illinois 60601. Smart Options may be served through The Corporation Trust Company at Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801. Smart Options operates a website at www.optionit.com.

## JURISDICTION AND VENUE

7. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Jump Rope seeks declaratory relief under the Declaratory Judgment Act. Thus, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8. This Court has personal jurisdiction over Smart Options. First, Smart Options filed patent infringement suits in this Court against Jump Rope and Steadyfare, Inc. *See Smart Options, LLC v. Jump Rope, Inc.,* Case No. 1-12-cv-02498 and *Smart Options, LLC v. Steadyfare, Inc.,* Case No. 1-12-cv-08042. In those suits, Smart Options alleged that the respective entities infringed the '539 Patent, to which the Smart Options Patents all claim priority. Second, this Court also has personal jurisdiction because Smart Options' principal place of business is within this judicial district.

9. In addition, during mediation of the *Smart Options, LLC v. Jump Rope, Inc.* case, Smart Options' lawyer, Geoff Baker, waived confidentiality and threatened Jump Rope's

founder and CEO, Peter Braxton, by stating that Smart Options had already prepared a brief intended for use in a new patent infringement case against Jump Rope. Baker went so far as to say "Try selling your company with that threat hanging over your head." Baker's conduct in making such threats, when Baker is an attorney bound by the ethical rules of the State of Illinois, is egregious and should not be countenanced.

10. This Court can enter the declaratory relief sought in this Complaint because an actual, live, and justiciable controversy exists between Jump Rope and Smart Options within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. Based on Smart Options' prior litigious conduct and its express and implicit representations, Jump Rope has a reasonable apprehension that Smart Options will assert its rights against Jump Rope for each of the Smart Options Patents.

11. Jump Rope does not infringe and has not infringed the Smart Options Patents, and therefore has a right to engage in the complained-of activity. As a result of Smart Options' actions, Jump Rope risks a suit for infringement by engaging in the complained-of activity, and therefore seeks a declaration of its legal rights.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 1400 and for the reasons stated above.

**GENERAL ALLEGATIONS**

13. Upon information and belief, Smart Options is the assignee of the Smart Options Patents. On information and belief, the documents attached to this Complaint as Exhibits A through F are true and correct copies of the Smart Options Patents.

14. Smart Options has expressly and implicitly informed Jump Rope that Smart Options plans to assert its rights under the Smart Options Patents by filing a patent-infringement lawsuit against Jump Rope based on Jump Rope's ongoing and/or planned activities.

15. Smart Options filed patent infringement suits in this Court against Jump Rope and Steadyfare, Inc. *See Smart Options, LLC v. Jump Rope, Inc.,* Case No. 1-12-cv-02498 and *Smart Options, LLC v. Steadyfare, Inc.,* Case No. 1-12-cv-08042. In those suits, Smart Options alleged that each of the respective entities infringes the '539 Patent, to which the Smart Options Patents all claim priority

16. It is clear Smart Options' threats via its counsel are improper and not based in the merits. However, while making threats related to lawsuits is a clear abuse of the judicial process, it is par for the course for Smart Options. In the *Smart Options, LLC v. Jump Rope, Inc.* matter, the Court granted Jump Rope's Motion for Summary Judgment of Non-Infringement and found that Jump Rope did not infringe any claims of the '539 patent. Additionally, the Court granted Jump Rope's Motion for Sanctions and awarded Jump Rope all of the reasonable attorneys' fees resulting from Smart Options' "… *frivolous complaint* … ." The Court found that Smart Options "… did not conduct a reasonable pre-filing investigation and **had no reasonable factual basis to file its complaint**, or to refuse to withdraw the complaint during the safe harbor period after Jump Rope served its original Rule 11 motion and letter." *Id.* (emphasis added).

17. During mediation of the *Smart Options, LLC v. Jump Rope, Inc.* case, Smart Options' lawyer, Geoff Baker, waived confidentiality and threatened Jump Rope's founder and CEO, Peter Braxton, by stating that Smart Options had already prepared a brief intended for use in a new patent infringement case against Jump Rope. Baker went so far as to say "Try selling your company with that threat hanging over your head." Smart Options' threats are again not

5

founded on any reasonable factual basis, but Smart Options again seeks to use the judicial process, in clear violation of Rule 11, as a means of extorting fees and damages.

18. Jump Rope does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the Smart Options Patents, either literally or under the doctrine of equivalents.

19. As a result of Smart Options' actions, there can be no dispute that Jump Rope risks a suit for infringement of the Smart Options Patents by engaging in the complained-of activity. Absent a declaration of non-infringement and/or invalidity, Smart Options will, as it has done in the past, wrongly assert the Smart Options Patents against Jump Rope and/or its customers, and thereby cause Jump Rope irreparable harm.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '424 Patent)**

20. Jump Rope hereby incorporates by reference its allegations contained in paragraphs 1 through 19 of this Complaint as through fully set forth herein.

21. Jump Rope does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '424 Patent, either literally or under the doctrine of equivalents.

22. An actual, live, and justiciable controversy exists between Jump Rope and Smart Options concerning the non-infringement of the '424 Patent.

23. Accordingly, Jump Rope seeks and is entitled to a judgment against Smart Options that Jump Rope has not infringed and does not infringe (either directly, indirectly,

contributorily, or by inducement) any valid and enforceable claim of the '424 Patent, either literally or under the doctrine of equivalents.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of the '424 Patent)**

24. Jump Rope hereby incorporates by reference its allegations contained in paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. Smart Options contends that the '424 Patent is valid.

26. Jump Rope denies Smart Options' contentions and alleges that the '424 Patent is invalid. The '424 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United State code.

27. An actual controversy thus exists between Jump Rope and Smart Options as to whether the '424 Patent is valid.

28. Accordingly, Jump Rope seeks and is entitled to a judgment against Smart Options that the '424 Patent is invalid.

## THIRD CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '292 Patent)**

29. Jump Rope hereby incorporates by reference its allegations contained in Paragraphs 1 through 28 of this Complaint as through fully set forth herein.

30. Jump Rope does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '292 Patent, either literally or under the doctrine of equivalents.

7

31. An actual, live, and justiciable controversy exists between Jump Rope and Smart Options concerning the non-infringement of the '292 Patent.

32. Accordingly, Jump Rope seeks and is entitled to a judgment against Smart Options that Jump Rope has not infringed and does not infringe (either directly, indirectly, contributorily, or by inducement) any valid and enforceable claim of the '292 Patent, either literally or under the doctrine of equivalents.

## **FOURTH CAUSE OF ACTION**

**(Declaratory Judgment of Invalidity of the '292 Patent)**

33. Jump Rope hereby incorporates by reference its allegations contained in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. Smart Options contends that the '292 Patent is valid.

35. Jump Rope denies Smart Options' contentions and alleges that the '292 Patent is invalid. The '292 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United State code.

36. An actual controversy thus exists between Jump Rope and Smart Options as to whether the '292 Patent is valid.

37. Accordingly, Jump Rope seeks and is entitled to a judgment against Smart Options that the '292 Patent is invalid.

## **FIFTH CAUSE OF ACTION**

**(Declaratory Judgment of Non-Infringement of the '375 Patent)**

38. Jump Rope hereby incorporates by reference its allegations contained in Paragraphs 1 through 37 of this Complaint as through fully set forth herein.

39. Jump Rope does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '375 Patent, either literally or under the doctrine of equivalents.

40. An actual, live, and justiciable controversy exists between Jump Rope and Smart Options concerning the non-infringement of the '375 Patent.

41. Accordingly, Jump Rope seeks and is entitled to a judgment against Smart Options that Jump Rope has not infringed and does not infringe (either directly, indirectly, contributorily, or by inducement) any valid and enforceable claim of the '375 Patent, either literally or under the doctrine of equivalents.

## SIXTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '375 Patent)

42. Jump Rope hereby incorporates by reference its allegations contained in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. Smart Options contends that the '375 Patent is valid.

44. Jump Rope denies Smart Options' contentions and alleges that the '375 Patent is invalid. The '375 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United State code.

45. An actual controversy thus exists between Jump Rope and Smart Options as to whether the '375 Patent is valid.

46. Accordingly, Jump Rope seeks and is entitled to a judgment against Smart Options that the '375 Patent is invalid.

9

## SEVENTH CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '447 Patent)**

47. Jump Rope hereby incorporates by reference its allegations contained in Paragraphs 1 through 46 of this Complaint as through fully set forth herein.

48. Jump Rope does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '447 Patent, either literally or under the doctrine of equivalents.

49. An actual, live, and justiciable controversy exists between Jump Rope and Smart Options concerning the non-infringement of the '447 Patent.

50. Accordingly, Jump Rope seeks and is entitled to a judgment against Smart Options that Jump Rope has not infringed and does not infringe (either directly, indirectly, contributorily, or by inducement) any valid and enforceable claim of the '447 Patent, either literally or under the doctrine of equivalents.

## EIGHTH CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of the '447 Patent)**

51. Jump Rope hereby incorporates by reference its allegations contained in paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. Smart Options contends that the '447 Patent is valid.

53. Jump Rope denies Smart Options' contentions and alleges that the '447 Patent is invalid. The '447 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United State code.

54. An actual controversy thus exists between Jump Rope and Smart Options as to whether the '447 Patent is valid.

55. Accordingly, Jump Rope seeks and is entitled to a judgment against Smart Options that the '447 Patent is invalid.

## NINTH CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '550 Patent)**

56. Jump Rope hereby incorporates by reference its allegations contained in Paragraphs 1 through 55 of this Complaint as through fully set forth herein.

57. Jump Rope does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '550 Patent, either literally or under the doctrine of equivalents.

58. An actual, live, and justiciable controversy exists between Jump Rope and Smart Options concerning the non-infringement of the '550 Patent.

59. Accordingly, Jump Rope seeks and is entitled to a judgment against Smart Options that Jump Rope has not infringed and does not infringe (either directly, indirectly, contributorily, or by inducement) any valid and enforceable claim of the '550 Patent, either literally or under the doctrine of equivalents.

## TENTH CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of the '550 Patent)**

60. Jump Rope hereby incorporates by reference its allegations contained in paragraphs 1 through 59 of this Complaint as though fully set forth herein.

61. Smart Options contends that the '550 Patent is valid.

62. Jump Rope denies Smart Options' contentions and alleges that the '550 Patent is invalid. The '550 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United State code.

63. An actual controversy thus exists between Jump Rope and Smart Options as to whether the '550 Patent is valid.

## ELEVENTH CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '841 Patent)**

64. Jump Rope hereby incorporates by reference its allegations contained in Paragraphs 1 through 63 of this Complaint as through fully set forth herein.

65. Jump Rope does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '841 Patent, either literally or under the doctrine of equivalents.

66. An actual, live, and justiciable controversy exists between Jump Rope and Smart Options concerning the non-infringement of the '841 Patent.

67. Accordingly, Jump Rope seeks and is entitled to a judgment against Smart Options that Jump Rope has not infringed and does not infringe (either directly, indirectly, contributorily, or by inducement) any valid and enforceable claim of the '841 Patent, either literally or under the doctrine of equivalents.

## TWELFTH CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of the '841 Patent)**

68. Jump Rope hereby incorporates by reference its allegations contained in paragraphs 1 through 67 of this Complaint as though fully set forth herein.

69. Smart Options contends that the '841 Patent is valid.

70. Jump Rope denies Smart Options' contentions and alleges that the '841 Patent is invalid. The '841 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United State code.

71. An actual controversy thus exists between Jump Rope and Smart Options as to whether the '841 Patent is valid.

## **PRAYER FOR RELIEF**

WHEREFORE, JUMP ROPE prays for a declaratory judgment against Smart Options as follows:

A. Declare that Jump Rope has not infringed and does not infringe in any manner any claim of the '424 Patent;

B. Declare that each and every claim of the '424 Patent is invalid;

C. Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '424 Patent against Jump Rope or any parents, affiliates, or subsidiaries of Jump Rope or any of its respective officers, agents, employees, successors, customers and assigns;

D. Declare that Jump Rope has not infringed and does not infringe in any manner any claim of the '292 Patent;

E. Declare that each and every claim of the '292 Patent is invalid;

F. Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '292 Patent against Jump Rope or any parents, affiliates, or subsidiaries of Jump Rope or any of its respective officers, agents, employees, successors, and assigns;

13

  G. Declare that Jump Rope has not infringed and does not infringe in any manner any claim of the '375 Patent;

  H. Declare that each and every claim of the '375 Patent is invalid;

  I. Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '375 Patent against Jump Rope or any parents, affiliates, or subsidiaries of Jump Rope or any of its respective officers, agents, employees, successors, and assigns;

  J. Declare that Jump Rope has not infringed and does not infringe in any manner any claim of the '447 Patent;

  K. Declare that each and every claim of the '447 Patent is invalid;

  L. Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '447 Patent against Jump Rope or any parents, affiliates, or subsidiaries of Jump Rope or any of its respective officers, agents, employees, successors, and assigns;

  M. Declare that Jump Rope has not infringed and does not infringe in any manner any claim of the '550 Patent;

  N. Declare that each and every claim of the '550 Patent is invalid;

  O. Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '550 Patent against Jump Rope or any parents, affiliates, or subsidiaries of Jump Rope or any of its respective officers, agents, employees, successors, and assigns;

  P. Declare that Jump Rope has not infringed and does not infringe in any manner any claim of the '841 Patent;

Q. Declare that each and every claim of the '841 Patent is invalid;

R. Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '841 Patent against Jump Rope or any parents, affiliates, or subsidiaries of Jump Rope or any of its respective officers, agents, employees, successors, and assigns;

S. Find this case exceptional and award Jump Rope its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

T. Award Jump Rope any additional relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY

Jump Rope requests that all issues triable by a jury be so tried in this case.

Respectfully submitted:

BY: /s/ Erik J. Ives

Erik J. Ives
FOX, SWIBEL, LEVIN & CARROLL, LLP
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
Tel (312) 224-1200
Fax (312) 224-1202
Email: eives@fslc.com

Andrew W. Spangler (*pending pro hac vice admission*)
SPANGLER & FUSSELL P.C.
208 N. Green Street, Ste. 300
Longview, Texas 75601
Tel (903) 753-9300
Fax (903) 553-0403
Email: spangler@sfipfirm.com

*Attorneys for Plaintiff Jump Rope, Inc.*